UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-cv-61733-BLOOM/Reid

CLIFFORD CHARLES FLETCHER,

    Petitioner,

v.

STATE OF FLORIDA,

    Respondent.

_____/

## ORDER

**THIS CAUSE** is before the Court upon a limited remand from the Court of Appeals for the Eleventh Circuit that directed this Court to consider whether a certificate of appealability ("COA") is appropriate with respect to the denial of Petitioner's Motion to Alter or Amend the Judgment, ECF No. [52].

Petitioner initially filed his § 2254 petition on August 29, 2017, ECF No. [1], and ultimately, on May 30, 2019, Petitioner filed his operative, second amended § 2254 petition. ECF No. [41]. On October 31, 2019, the Honorable Lisette M. Reid issued a Report and Recommendation recommending that the petition be denied on the merits, that the requested evidentiary hearing be denied, and that a certificate of appealability be denied and the case be closed. ECF No. [47] at 33 ("Report"). The Court adopted the Report in full on December 4, 2019, after Petitioner failed to timely file any objections and denied the petition without the issuance of a COA. ECF No. [50].

On December 26, 2019, Petitioner filed his Motion to Alter or Amend Judgment, ECF No. [52], which the Court subsequently denied as an improper attempt to relitigate matters previously

raised, ECF No. [56] ("Order on the Rule 59(e) Motion"). On May 1, 2020, the Eleventh Circuit remanded the case on a limited basis for this Court to determine whether to issue a COA as to the denial of Petitioner's Motion to Alter or Amend Judgment. *Clifford Fletcher v. State of Fla.*, No. 20-10624-G (Apr. 30, 2020), ECF No. [61].

> Federal Rule of Appellate Procedure 22(b)(1) provides that an appeal may not proceed unless a COA is issued under 18 U.S.C. § 2253(c). Under Rule 11(a) of the Rules Governing Section 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." "Because the denial of a Rule 59(e) motion constitutes a 'final order' in a state habeas proceeding . . . a COA is required[.]" *Perez v. Sec'y, Fla. Dep't Corr.*, 711 F.3d 1263, 1264 (11th Cir. 2013). 28 U.S.C. § 2253 provides that a COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." The exact standard for issuance of a COA, however, depends upon whether the underlying motion was denied upon substantive or procedural grounds. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a district court has rejected the constitutional claims on the merits . . . petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* By contrast, when a district court has rejected a claim on procedural grounds, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

*Read v. United States*, No. 2:17-cv-322-FtM-38MRM, 2019 WL 625554, at *1 (M.D. Fla. Feb. 14, 2019).

In his Motion to Alter or Amend Judgment, Petitioner argued that the Court erred in denying his five claims of ineffective assistance of counsel, which resulted in manifest errors of law and fact. *See generally* ECF No. [52]. In adopting Judge Reid's Report, the Court rejected each of Petitioner's five claims of ineffective assistance of counsel[1] for his failure to satisfy either

---

[1] Petitioner raised the following five claims in his petition: Claim 1 – counsel "was ineffective for failing to object or file a motion to suppress DNA that was illegally obtained from Petitioner"; Claim 2 – counsel "was ineffective for failing to object to the factual basis for Petitioner's plea"; Claim 3 – counsel "was ineffective for waiving Petitioner's right to a speedy trial"; Claim 4 – counsel "was ineffective for failing to call or present the testimony of an exculpatory witness"; and Claim 5 – counsel "was ineffective for

prong of the ineffective assistance of counsel standard under *Strickland v. Washington*, 466 U.S. 668 (1984). *See generally* ECF No. [47].

Specifically, on claims 1 and 5 that trial counsel was ineffective for failing to investigate and move to suppress DNA evidence and for failing to object to the unreliability of this DNA evidence, the Court determined that Petitioner failed to demonstrate any error by counsel for failing to object to DNA evidence not yet linked to Petitioner, he failed to establish that this evidence would have been suppressed at a suppression hearing or that there was any factual basis for the alleged break in the chain of custody, and he failed to establish that he would have proceeded to trial but for counsel's alleged errors, given the overwhelming evidence of his guilt. *Id.* at 20-25. On claim 2 that trial counsel was ineffective for failing to argue that there was no factual basis for Petitioner's plea, the Court noted that the state court found a factual basis for Petitioner's plea based on his counsel's stipulation and further concluded that the police reports established the elements of the charged crimes. *Id.* at 18-20. Likewise, the Court determined that, because "Petitioner decided to forego his right to a trial to contest the State's evidence against him and entered a guilty plea[,] . . . he is bound by the factual representations made in the officers' police reports, which were used to provide the factual basis for his guilty plea." *Id.* at 20. Additionally, on claim 3 that trial counsel was ineffective for waiving Petitioner's right to a speedy trial, the Court rejected Petitioner's arguments regarding Florida's speedy trial rights as a basis for federal habeas relief and further rejected any alleged deficiency or prejudice because Petitioner's constitutional speedy trial rights had not been violated at the time of his speedy demand, he presented no evidence that the State would have been unable to bring him to trial within the required time period, and concluded that, given the overwhelming evidence against him, there was

---

failing to argue that the DNA evidence in Petitioner's case was unreliable due to tampering and a break in the chain of custody." ECF No. [47] at 2.

no basis to suggest that Petitioner would have proceeded to trial. *Id.* at 27-28. Finally, on claim 4 that trial counsel was ineffective for failing to investigate and call an exculpatory witness, the Court held that, by entering into the plea, Petitioner waived his right to present any defenses and indicated to his attorney that no further investigation or challenges to witness credibility were required. *Id.* at 29-30. Moreover, the Court concluded that the alleged exculpatory witness's testimony did not exonerate Petitioner, especially in light of the overwhelming evidence against him, and nothing in the record suggested that Petitioner would have proceeded to trial if his counsel had conducted additional investigations. *Id.* at 30-31.

Further, the Court's Order on the Rule 59(e) Motion denied Petitioner's Motion to Alter or Amend Judgment because his arguments improperly attempted to relitigate the matters previously raised and rejected. ECF No. [56].[2] Reasonable jurists would not find this Court's conclusions debatable or wrong here. *Slack*, 529 U.S. at 484. Because Petitioner did not make a substantial showing of the denial of a constitutional right, and because he failed to present a basis for this Court's reconsideration of its earlier determination that he was not entitled to a COA, the Court concludes that Petitioner is not entitled to a COA from the denial of his Motion to Alter or Amend Judgment.

---

[2] In rejecting Petitioner's arguments in his Motion to Alter or Amend Judgment, the Court noted each issue that was improperly being relitigated:

> (1) [O]n claims 1 and 5, Petitioner argues that his counsel was ineffective for failing to object to or move to suppress the DNA evidence taken from him, compare ECF No. [41] at 6, 13; ECF No. [42] at 5, 9; ECF No. [46] at 2-3, 6-7, with ECF No. [52] at 3-5; (2) on claim 2, Petitioner argues that counsel was ineffective for failing to object to the factual basis for Petitioner's plea, compare ECF No. [41] at 8; ECF No. [42] at 6, with ECF No. [52] at 6; (3) on claim 3, Petitioner argues that counsel was ineffective for waiving Petitioner's speedy trial rights, compare ECF No. [41] at 9; ECF No. [42] at 7; ECF No. [46] at 3-4, with ECF No. [52] at 7; and (4) on claim 4, Petitioner argues that counsel was ineffective for failing to present the testimony of an exculpatory witness, compare ECF No. [41] at 11; ECF No. [42] at 8; ECF No. [46] at 4-6, with ECF No. [52] at 8.

ECF No. [56] at 2.

Case No. 17-cv-61733-BLOOM/Reid

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Petitioner's Certificate of Appealability is **DENIED**.

2. The Clerk of Court is directed to send a copy of this Order to the Clerk's Office of the Court of Appeals for the Eleventh Circuit.

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 12, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Clifford Charles Fletcher
684215
Charlotte Correctional Institution
Inmate Mail/Parcels
33123 Oil Well Road
Punta Gorda, FL 33955